UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY WRIGHT,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BERNIE WARNER, SCOTT FRANKS, JEFFREY A. UTTECHT, LUIS VALDEZ, JOHN DOE SCANTLIN, LT. JEREMY TURNER, JOHN DOE and JANE DOE,<br><br>　　　　　　　　Defendant. | NO: 13-CV-5108-JPH<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING FIRST AMENDED COMPLAINT<br><br>**1915(g)** |

BEFORE THE COURT is Plaintiff's "Motion to Object" (ECF No. 10), which the Court liberally construes as his Objections to the Report and Recommendation to Dismiss the First Amended Complaint (ECF No. 9). Plaintiff, a prisoner at the Coyote Ridge Corrections Center, is proceeding *pro se* and *in forma pauperis;* Defendants have not been served.

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING FIRST AMENDED COMPLAINT -- 1

In his First Amended Complaint, Plaintiff challenged an infraction hearing for assault which resulted in the loss of 30 days of good time credit and 30 days of earned time credit, in addition to the lost opportunity to work for incentive pay for one year. Plaintiff made no assertion that the disciplinary decision had been overturned.

Plaintiff makes the following objections to the Report and Recommendation: "(1) there is good cause for a continuance in order to review the writ of mandamus that was filed in Franklin County State Court; (2) the construction of the Statute for the procedure for major infractions violates the Plaintiff's Due Process Rights by having an impartial tribunal; (3) the defendants have retaliated against the Plaintiff for exercising his first Amendment rights; (4) the Plaintiff has a constitutional right to the earned good time that he has received; and (5) the Plaintiff can show that nominal damages do apply to this matter at hand."

The Magistrate Judge properly concluded that when a prisoner challenges the revocation of good time credits, his exclusive remedy is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Plaintiff's claim for damages resulting from the revocation of his good time credits is premature until such time as the revocation of his good time credits is invalidated. *See Heck*, 512 U.S. at 489. Having failed to show that the revocation of his good time credits has been

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING FIRST AMENDED COMPLAINT -- 2

invalidated through state court or federal habeas proceedings, Plaintiff's due process claims against Defendants Scantlin, John and Jane Doe, Turner, Bernie Warner, and Scott Franks are precluded under *Heck v. Humphrey* at this time.

Plaintiff's claims of retaliation are raised for the first time in his Objections. He did not state a plausible claim of retaliation in the First Amended Complaint. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). If Plaintiff wishes to pursue claims of retaliation, he may do so in a separate action after he has fully exhausted his administrative remedies.

In the absence of a showing that Plaintiff's disciplinary sanctions, which resulted in the loss of good time credits, have been invalidated, the Court has no authority to entertain Mr. Wright's action further. The Court has considered Plaintiff's allegations and objections in the light most favorable to him. For the reasons set forth above and by the Magistrate Judge, **IT IS ORDERED** the Report and Recommendation (ECF No. 9) is **ADOPTED in its entirety** and the First Amended Complaint (ECF No. 8) is **DISMISSED without prejudice** pursuant 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious

physical injury." 28 U.S.C. § 1915(g). **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.**

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**IT IS HEREBY ORDERED:**

1. The District Court Executive is directed to enter this Order, enter Judgment, forward copies to Plaintiff at his last known address, and **CLOSE** the file.

2. The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.

//

//

//

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING FIRST AMENDED COMPLAINT -- 4

1    3. The Court finds that any appeal of this Order would not be taken in good

2        faith and would lack any arguable basis in law or fact.  Accordingly, the

3        Court hereby revokes Plaintiff's *in forma pauperis* status.

4    **DATED** February 3, 2014.



THOMAS O. RICE
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING FIRST AMENDED COMPLAINT -- 5